**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**BARRY WAYNE GARY**                                                                          **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 4:25-CV-194-JHM**

**KALEB ROLLEY,** *et al.*                                                               **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Barry Wayne Gary is a convicted prisoner currently at the Muhlenberg County Detention Center.  He names as Defendants in this action Central City Police Officer Kaleb Rolley and Greenville Police Department Darren Harvey in their individual and official capacities.

Plaintiff alleges that his Fourth Amendment rights were violated on August 6, 2020, when both Defendants Harvey and Rolley used excessive force against him during a traffic stop by deploying Tasers on Plaintiff.  Plaintiff maintains that at the time of the incident, he had his hands up and was not combative.

As relief, Plaintiff seeks damages.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Because 42 U.S.C. § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under the standard accrual rule, the limitations period starts when "the plaintiff

has a complete and present cause of action." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021). By contrast, courts sometimes apply the "discovery" rule, under which the limitations period starts when the plaintiff "knows of" or "should have known of" the cause of action. *Id.*

Thus, the statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action" (the "discovery" rule). *Dibrell*, 984 F.3d at 1162 (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 12–15 (2019)).[1] In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's excessive-force claims because the claims "would be untimely either way." *Id.* at 1162.

The Court finds that the same is true of Plaintiff's Fourth Amendment excessive-force claims. Plaintiff alleges that Defendants used Tasers on him and caused him to suffer an injury on August 6, 2020, during a traffic stop. Plaintiff obviously knew these actions occurred on that date and, therefore, he had complete cause of action on that date. Plaintiff then had until August 6, 2021, at the latest, to bring this claim against Defendants. *See Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005) (holding that "when asserting a claim under § 1983 for the use of excessive force, the 'injury' occurs on the date of the constitutional injury, the date the allegedly excessive force is used"). Plaintiff did not bring this action until December 2025, over four years after the statute of limitations expired for these claims. Thus, Plaintiff's excessive-force claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g., Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549

---

[1] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

**IV.**

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:  March 24, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:     Plaintiff, *pro se*
4414.014

4